IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ANTOINE LUSTER, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 5:03-CR-52 HL |
| | | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Indictment was returned in this court against Petitioner Luster on June 9, 2003, charging him with two counts of bank robbery and two counts of carrying a firearm during the commission of the crime. (Doc. 16). On August 21, 2003, a superseding indictment was returned against Petitioner, charging him in Count One with Armed Robbery on April 10, 2003, of the HEA Federal Credit Union in Perry, Georgia, in violation of 18 U.S.C. §§ 2113(a) and (d); in Count Two with Carrying a Firearm During and in Relation to the Armed Robbery in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2; and in Count Three with Armed Robbery on October 31, 2002, of the Colony Bank in Albany, Georgia, in violation of 18 U.S.C. §§ 2113(a) and (d); and in Count Four with Carrying a Firearm During and in Relation to the Armed Robbery in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2. (Doc. 29).

After accepting a plea agreement, Petitioner pleaded guilty to all counts on September 3, 2003. (Doc. 32). Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Petitioner also pleaded guilty to charges pending against him in other courts. On April 1, 2004, Petitioner was sentenced to serve concurrently 151 months imprisonment for each of the bank robbery counts, a consecutive 84 months imprisonment on Count Two of the Superseding Indictment, and a

consecutive 300 months on Count Four of the Indictment. (Doc. 47). In sum, the Petitioner was sentenced to 535 months imprisonment, five years of supervised release, a $1,000 mandatory assessment fee and $611,205 in restitution. *Id.* Petitioner appealed, and the Eleventh Circuit Court of Appeals, on February 9, 2005, affirmed the Petitioner's conviction and sentence. (Doc. 48, 55, 56).

On September 9, 20009, this Court entered an Amended Judgment in Petitioner Luster's case superseding his original Judgment and Sentence of April 7, 2004 (Doc. 47). However, the Court reimposed the 151 month sentence concurrently as to Counts 1 and 3, together with a mandatory consecutive sentence of 84 months as to Count 2, and a mandatory consecutive sentence of 300 months as to Count 4 of the Indictment for a total term of imprisonment of 535 months, with an order of restitution to be paid joint and severally with a co-defendant. (Doc. 80).

On January 11, 2010, Petitioner Luster filed a Motion For Relief pursuant to Fed. R.Civ.P. 60(b)(5) "for an order setting aside the judgment entered in this action on April [7], 2004." (Doc. 82). Petitioner Luster references the Courts Judgment entered as Document 47 in this action. In his present Motion, Petitioner Luster alleges that he is "the Third Party Intervener to the Defendant, David Antoine Luster," and moves the Court to set aside the judgment on the grounds that it is fully paid. Petitioner contends that Rule 60(b)(5) "authorizes a court to set a judgment aside on the grounds that 'the judgment has been satisfied, released, or discharged' ... ." *Id.* at 2.

In his attached Affidavit in support of his Motion For Relief From Judgment pursuant to Rule 60(b)(5), Petitioner Luster states, " ... I do not dispute the facts. I accept for value all related charges in this case and return them to you for consideration. ... This affidavit is made in support of Defendant's motion to be relieved from judgment on the grounds that full payment has been made."

*Id.* at 3.  Petitioner Luster explains the manner in which he purports payment in full to have been effected in his case at ¶¶ 8 and 9 of his Affidavit, as follows:

> On June 26, 2009, a Conditional Acceptance for Value for Proof of Claim was sent to Michael T. Solis and Maxwell Wood in an attempt to settle this matter. Certified Mail No. 7007-2560-0002-6077-3495. On July 06, 2009, the notice and chances to cure was sent. Certified Mail No. 70081140-0002-3062-7584. On July 20, 2009, the Notice of Default was sent. Certified Mail No. 7008-1140-0002-3062. On August 6, 2009, a Briefing package that included an Affidavit of Truth, Affidavit of Negative Averment, Memorandum of Law, Affidavit in Support of Commercial Discharge, Bill of Peace, Verified Actual Notice. Certified Mail No. 7008-3230-0002-5016-7981. On July 31, 2009, the 1099-OID and 1099-A for the tax liability was filed with the IRS Certified Mail No. 7008-1140-0002-3063-8429.
>
> On September 14, 2009, An International Bill of Exchange was forwarded to The Secretary of the State of Missouri, to attach the collateral to the instrument, and to witness the discharge.

*Id.* at 4.  Petitioner Luster closes his Affidavit saying, "Accepts all signatures in accord with UCC § 3-419 ... ."  Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty.   He has also abuses the use of Rule 60(b) in his criminal case.

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions.  We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas  petition unless the motion is a

---

[1]*Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The *Boone* Court went on to say that if the Rule 60(b) motion is not designed to prevent a fraud upon the court, but rather to re-open a defendant's habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Luster's Motion For Relief pursuant to Fed.R.Civ.P. 60(b)(5) be DENIED as moot, as frivolous, and as failing to state a claim before this court upon which relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of April 2004.

                                          **S/G. MALLON FAIRCLOTH**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[2] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).