**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. |
| v. | 5:03-CR-52-002 (TES) |
| **DAVID ANTOINE LUSTER** | |

---

**ORDER ON SUCCESSIVE OR AMENDED MOTION FOR REDUCTION IN
SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

---

Federal prisoner David Antoine Luster, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A) in a sixth successive motion for compassionate release. For the following reasons stated below, the motion is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13.

After careful and complete review of the additional information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is **DENIED.**

The Court has determined that the reasons mentioned in the defendant's sixth successive motion for compassionate release related to "Unusually Long Sentence" found at USSG §1B1.13(b)(6) and (c) does not constitute extraordinary and compelling reasons, warranting Court intervention. The provisions of 18 U.S.C. § 924(c) and sentencing guidelines that were applicable at the time of Luster's sentencing were properly applied. Therefore, his sentence was <u>not</u> unusually long considering the circumstances of the offenses of conviction. Additionally, since Congress did not make the 403 provisions of the First Step Act retroactive, Congress did not intend for previously imposed 924(c) sentences to be affected by the First Step Act. It is the determination of the Court that Luster has failed to show extraordinary and compelling reasons to support his motion for compassionate release for "Unusually Long Sentence." Although the Government opposes any reduction to Luster's sentence on the basis that the United States Sentencing Commission lacked the authority to give courts the

discretion to amend any sentence under the "unusually long sentence" category, the Court need not reach that question because even assuming the "new" criteria to be valid, the Court does not find that it would apply to Defendant under the particular facts of his case.

Additionally, the factors found at 18 U.S.C. § 3553(a), specifically the nature and circumstances of the offenses which involved the brandishing of firearms during the eight bank robberies he committed along with his uncle and on at least two occasions, a weapon was held to the head of bank employees, weigh heavily against his compassionate release and would present a significant risk of danger to the community. Thus, even if Amendment 821 perfectly applied to Defendant, the Court would exercise its considerable discretion under the statute and DENY Defendant any relief whatsoever. The Court fully intends to require Defendant to serve his sentences as originally, and correctly, imposed.

The Court DENIES Defendant Luster's Seventh Motion for Compassionate Release.

So ordered this __1st__ day of _____April_____, 2024.



s/Tilman E. Self, III
_____
TILMAN E. SELF, III
U.S. DISTRICT JUDGE